**SO ORDERED.**

**SIGNED this 13 day of September, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

**IN RE:**

**HARRY ROLAND SMITH, JR.,**

        Debtor.                                                                   Case No. 07-01509-8-JRL
                                                                                                               Chapter 13

_____

## ORDER

The matter before the court is debtor's objection to the claim of Joy K. Smith and the trustee's motion to dismiss and objection to confirmation. On September 6, 2007, the court conducted a hearing on these matters in Wilson North Carolina.

Ms. Smith is the debtor's ex-wife. On July 1, 2004, the Honorable Carol A. Jones entered an order in the District Court of Onslow County that awarded Ms. Smith the marital home and obligated the debtor to pay the first and second mortgages on the home, Ms. Smith's attorney's fees in the amount of $2,000.00, and $822.00 in monthly child support payments. Smith v. Smith, No. 03-CVD-3320 (Jul. 1, 2004).

On April 25, 2007, the debtor filed this bankruptcy case under Chapter 13 of the Bankruptcy

Code. On May 1, 2007, despite the filing of the bankruptcy case,[1] the District Court of Onslow County entered a subsequent order directing the debtor to execute and deliver a quitclaim deed to Ms. Smith conveying his interest in the marital home as contemplated by the terms of the July 1, 2004 order. Smith v. Smith, No. 03-CVD-3320 (May 1, 2007). The May 2007 order clarified that the debtor owed Ms. Smith $4,729.00 in attorney fees and mortgage payments. Id.

On July 27, 2007, Ms. Smith filed a proof of claim identifying $4,729.00 as a priority claim and $72,000.00 as a secured claim. At the hearing, Ms. Smith clarified that $4,729.00 is for attorney fees and mortgage payments, and $72,000.00 represents the first and second mortgages that the debtor is obligated to pay pursuant to the July 1, 2004 order.

The debtor disputes the nature of the claimed amounts. The debtor argues that any claimed amount stems from property settlement, pursuant to § 523(a)(15), and not from a domestic support obligation, pursuant to § 523(a)(5). The distinction between a property settlement and domestic support obligation has "no practical consequence in determining the dischargeability of the debt," as neither are dischargeable under the Bankruptcy Abuse Prevention and Consumer Protection of 2005 ("BAPCPA"). In re Howe, 2007 WL 2509021 at *1 n.1 (Bankr. D.N.M. Aug. 30, 2007) (quoting 4 Collier on Bankruptcy, ¶ 523.21 pp. 523-118-119 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2006). The distinction, however, is relevant to the priority of a claim. Under BAPCPA, "§ 507(a)(1) elevates domestic support obligations ahead of all administrative costs, including attorney's fees." Branigan v. Bateman, 2007 WL 737467 at *10 (4th Cir. Mar. 1, 2007).

---

[1] The court notes that the filing of a petition does not operate as a stay against the "continuation of a civil action or proceeding for the establishment or modification of an order for domestic support obligations" or "the collection of a domestic support obligation from property that is not property of the estate." 11 U.S.C. § 362(b)(A)-(B). The post-petition entry of the order by the state court suggests that the debtor's obligation constitutes a domestic support obligation.

Now, a debtor must be current on his domestic support obligations in order for a plan to be confirmed. 11 U.S.C. § 1325(a)(8).

> A domestic support obligation is defined under BAPCPA as the following:
>
> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that date as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is---
> (A) owed to or recoverable by---
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a government unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (c) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of ---
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a government unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

The debtor contends that his obligation to make mortgage payments and pay Ms. Smith's attorney's fees are not in the nature of alimony, maintenance, or support but stem from the equitable division of property. In the order entered July 1, 2004, the District Court of Onslow County made the following finding:

> That the plaintiff is a dependant spouse and the Defendant is a supporting spouse within the intent and meaning of N.C.G.S. § 50-16.1A(2)(5). As set forth below the Defendant shall be obligated to pay both mortgages (SBA Loan and Citifinancial Loan) currently attached to the marital home located at 164 Old Folkstone Road, Holly Ridge, North Carolina.

<u>Smith v. Smith</u>, No. 03-CVD-3320 ¶19 (Jul. 1, 2004). The court concluded the following as a matter

3

of law:

> that the Plaintiff is a dependent spouse and the Defendant is the supporting spouse within the intent and meaning of North Carolina General Statutes and the Defendant shall therefore be required to pay both mortgages associated with the marital home located at 164 Old Folkstone Road, Holly Ridge, North Carolina.

Id. at ¶5. Under North Carolina law, a finding that "one spouse is a dependant spouse" and "that the other spouse is a supporting spouse" is necessary for an award of alimony. N.C. Gen. Stat. §50-16.3A. The order specifically refers to § 50-16.1A(2) and (5) of the North Carolina General Statutes, which defines dependent and supporting spouse. A "dependent spouse" is "a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2). "Supporting spouse" is defined as "a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such spouse is substantially in need of maintenance and support." N.C. Gen. Stat. § 50-16.1A(5).

Based on the foregoing, the court lifts the automatic stay to allow Ms. Smith to file a motion in the District Court of Onslow County within 30 days of entry of this order. The motion shall seek clarification regarding whether the debtor's obligations to pay both mortgages on the marital home and to pay Ms. Smith's attorney's fees constitute alimony, maintenance, or support or whether they are strictly obligations stemming from the equitable division of property. The hearing on the debtor's objection to claim and the trustee's motion to dismiss and objection to confirmation shall be continued until this issue is clarified by the District Court of Onslow County.

END OF DOCUMENT